UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL CHILDRES | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1106 |
| FIRM LOGISTICAL, LLC, ET AL. | * | SECTION "E" (2) |

## ORDER AND REASONS

Illinois Central Railroad Company has filed a Motion for Leave to File Third Party Complaint and Cross-Claim. ECF Nos. 32, 32-2, 36. This motion was scheduled for submission on December 3, 2025. ECF No. ECF No. 35. Although the motion indicates that Plaintiff consented to the filing but co-Defendants objected, as of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, November 25, 2025. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff filed suit to recover damages after a train/tractor-trailer collision on June 17, 2024. ECF Nos. 1, 31. Defendant Illinois Central Railroad filed an Answer and Amended Answer and now seeks to amend to assert a Cross-Claim against Defendant Abdulkadir Ali Hussein and a Third-Party Claim against his employer Firm Logistical asserting their fault for the accident. ECF Nos. 12, 29, 32, 32-3. Illinois Central Railroad sought to file same on the deadline, but it failed to attach a motion for leave. ECF No. 30; *see* ECF No. 19 at 2 (setting October 20, 2025, as the deadline for, among other things, third-party actions and cross-claims). Thus, its filing was marked

1

deficient. Within the specified cure deadline, Illinois Central Railroad filed the document along with the required Motion for Leave. ECF No. 32.

An Amendment attached to a Motion for Leave is deemed filed as of the date of filing for the Motion for Leave.[1] Further, a filing to cure a deficiency within the specified deadline is deemed filed on the date of the deficiently-filed document.[2] For that reason, Illinois Central Railroad's motion to amend is deemed filed by the Scheduling Order's deadline and is thus governed by Rule 15(a) of the Federal Rules of Civil Procedure rather than the more stringent good cause requirements Rule 16(b).[3]

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[4] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the

---

[1] *See Modica v. Hill*, No. 96-1121, 1999 WL 104423, at *1 (E.D. La. Feb. 19, 1999) (holding plaintiff should not be prejudiced by a court's delay in ruling on a motion for leave to file an amended complaint); *see also Bradley v. Armstrong Rubber Co.*, 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999) (citing *Rademaker v. E.D. Flynn Export Co.,* 17 F.2d 15 (5th Cir. 1927)); *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 19-0201, 2021 WL 4807666, at *6 n.2 (N.D. Tex. Apr. 2, 2021).

[2] *In re Honey Island Adventure, L.L.C.*, No. 16-10728, 2017 WL 661268, at *1 (E.D. La. Feb. 17, 2017) (explaining EDLA's "Unique Procedures and Practices for Electronic Filing" under which the Clerk's Office notifies a party when a filed document is deficient and specifies the deadline for curing same, which deems the corrected filing filed as of the date of the original, deficient filing (citing *Buchanan v. Circle K Stores, Inc.*, No. 14-2690, 2016 WL 1437144, at *2 n.18 (E.D. La. Apr. 12, 2016) (Brown, J.) (finding timely a plaintiff's motion that was filed by the applicable deadline, marked as deficient by the Clerk of Court, and then timely re-filed within seven days); *Hartzog v. Cayo, LLC*, No. 12-2895, 2013 WL 2456377, at *2 (E.D. La. June 5, 2013) (Wilkinson, M.J.) (finding that filing date for timeliness purposes was earlier "deficient" filing date, where party filed deficient motion before applicable deadline and timely corrected the deficiency) (citing *Darouiche v. Fidelity Nat. Ins. Co.*, 415 F. App'x 548, 552 (5th Cir. 2011))).

[3] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (holding Rule16(b) governs the amendment of pleadings after a scheduling order deadline has expired and that Rule 16's good cause standard must be satisfied first before the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave).

[4] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

opposing party; and (5) futility of the amendment.[5]  Given Rule 15(a)'s "bias in favor of granting leave to amend," absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[6]

No party has filed an Opposition to the motion.  Moreover, given the early stage of this case and the failure to identify any reason for opposition to the motion, there is no "substantial reason" to deny the request for leave to amend under Rule 15(a).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Defendant Illinois Central Railroad Company's Motion for Leave to File Third-Party Complaint and Cross-Claim (ECF No. 32) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Defendant's Third Party Complaint and Cross-Claim (ECF No. 32-3) into the court record.

New Orleans, Louisiana, this  3rd  day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[6] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).